UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

DOUGLAS C. GIBBONEY, :
         Petitioner, :
    v. : No. 2:19-cv-3534
 :
SUPERINTENDENT KEVIN RANSOM, :
PENNSYLVANIA STATE ATTORNEY :
GENERAL, and THE DISTRICT ATTORNEY :
OF THE COUNTY OF CHESTER, :
         Respondents. :
_____

**O P I N I O N**
Report and Recommendation, ECF No. 17—Adopted

**JOSEPH F. LEESON, JR.**                                                                      December 27, 2019
**United States District Judge**

**I.    INTRODUCTION**

       On July 15, 2019, Douglas Gibboney filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he (1) seeks relief from a state court sentence resulting from his guilty plea to driving while under the influence of alcohol and related offenses, as well as (2) challenges the state court's denial of his motion to withdraw that guilty plea. *See* ECF No. 1. This Court referred Gibboney's petition to United States Magistrate Judge Lynne Sitarski on September 11, 2019, for a Report and Recommendation ("R&R") as to whether the petition should be granted. *See* ECF No. 10. Following receipt of the District Attorney of Chester County's response to Gibboney's habeas petition, *see* ECF No. 12, Magistrate Judge Sitarski issued her R&R on November 19, 2019, *see* R&R, ECF No. 17. In it, Judge Sitarski identifies the petition as both time-barred and raising non-cognizable claims. *Id.* Gibboney has not filed

objections to the R&R, and the time for filing objections has expired.[1]  Having reviewed Magistrate Judge Sitarski's R&R for clear error and finding none, the Court now adopts the findings of the R&R and dismisses Gibboney's habeas petition.

## II. STANDARD OF REVIEW

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report—either de novo or under any other standard.  *Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed.").  Nevertheless, the United States Court of Appeals for the Third Circuit has held that, notwithstanding the absence of objections, it is "better practice" to afford some level of review to dispositive legal issues raised in a Magistrate Judge's report.  *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987), *writ denied* 484 U.S. 837 (1987).  Where no party objects to the findings and recommendations of a Magistrate Judge's report, the district court reviews the report for clear error.  *Univac Dental Co. v. Dentsply Int'l, Inc.*, 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (quoting FED. R. CIV. P. 72(b), advisory committee notes)); *Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (explaining that in the absence of a timely objection, the court should review the magistrate judge's report and recommendation for clear error).

---

[1] "A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to."  FED. R. CIV. P. 72(a).

### III. DISCUSSION

In the absence of objections, this Court has reviewed the record for plain error and has found none. The R&R outlines the factual and procedural history of this case prior to addressing the limitations period applicable to habeas petitions as well as the standard for merits review of habeas petitions. *See* R&R at 1-7. Magistrate Judge Sitarski then observes that Gibboney's judgment of conviction became final on February 10, 2014, and because he did not file the instant habeas petition until July 15, 2019, the petition is untimely under 28 U.S.C. § 2244(d)(1)'s strict one-year limitations period. *See id*. at 8-9. Nor does Judge Sitarski find Gibboney entitled to any statutory or equitable tolling. *Id.*

Judge Sitarski also concludes that neither of the two bases for the relief sought in Gibboney's habeas petition—he challenges (1) Pennsylvania's sentencing procedure by arguing his sentence is "illegal as being violative of 75 Pa.C.S. § 3184(2), which requires a pre-sentence addiction assessment," as well as (2) an alleged error in the underlying Post-Conviction Relief Act procedure by claiming that "[t]he lower court erred when it denied the Motion to Withdraw Guilty Plea"—are properly cognizable habeas claims. *See* R&R at 10. For these additional reasons, even if it were not time-barred, Judge Sitarski identifies the petition as non-viable.

### IV. CONCLUSION

After review and in the absence of objections, this Court now adopts the findings and recommendations of the well-reasoned and thorough R&R. Gibboney's habeas corpus petition is

therefore dismissed[2] as time-barred.  Moreover, Gibboney is not entitled to either an evidentiary hearing or a Certificate of Appealability.[3]

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[2] Although the R&R recommends that the petition be "denied," the appropriate disposition of an application on procedural grounds (such as timeliness, as is the case here), rather than on substantive grounds, is "dismissal." *See, e.g.*, *Martin v. Andrew*, No. 13-CV-06739, 2015 WL 2417163, at *4 (E.D. Pa. May 18, 2015) ("Even if this court had subject matter jurisdiction over the instant Petition, it would nonetheless be dismissed as untimely."). The Court therefore "dismisses" Gibboney's petition as untimely rather than "denying" it on the merits.

[3] Although Magistrate Judge Sitarski does not give substantive treatment to whether Gibboney is entitled to an evidentiary hearing or a Certificate of Appealability, *see* R&R at 12, the Court agrees that neither are warranted here. As for an evidentiary hearing, there are no new, retroactive rules of constitutional law at play, nor are there any issues of fact, as Gibboney's petition is being dismissed on procedural grounds rather than being denied on its merits. *See* 28 U.S.C. § 2254(e) (limiting the holding of an evidentiary hearing to claims relying on a new, retroactive rule of constitutional law, or where the factual predicate of a claim could not have been discovered through due diligence, and the facts would establish that no reasonable fact finder would have convicted the petitioner). As for a Certificate of Appealability, the dismissal of Gibboney's petition is well founded for the reasons discussed in the R&R and the circumstances therefore do not warrant issuance of one. *See Buck v. Davis*, 137 S. Ct. 759, 777 (2017) ("[A] litigant seeking a [Certificate of Appealability] must demonstrate that a procedural ruling barring relief is itself debatable among jurists of reason; otherwise, the appeal would not 'deserve encouragement to proceed further.'" (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000))).